**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 05-cv-00926 - LTB-CBS

JOHN E. GOLMON REVOCABLE TRUST,
GAYLE DUNLAP, TRUSTEE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**Order**
_____

Defendant United States of America ("Government") moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim the complaint filed by plaintiff John E. Golmon Revocable Trust ("Golmon Trust") seeking a declaratory judgment stating the rights of the parties in a dispute over life insurance benefits. For the reasons stated below, the Government's motion is GRANTED.

**I. BACKGROUND**

John E. Golmon was an employee of the United States General Services Administration ("GSA"). While employed at GSA, Golmon received life insurance coverage through the Federal Employees Group Life Insurance ("FEGLI") program. FEGLI is a Government administered program where the Government Office of Personnel Management ("OPM") purchases group term life insurance policies from private insurance providers and makes this insurance available to Government employees. 5 U.S.C. § 8709.

When Golmon first worked for GSA, his designated FEGLI beneficiary for his death benefits was Velma Lee Hoggatt Golmon. On March 17, 2003 Golmon changed his beneficiary to the Golmon Trust, a Trust formed and administered in Colorado. Golmon executed a FEGLI Designation of Beneficiary form indicating this change and sent this form to an office of the OPM, certified return receipt requested. According to the return receipt, OPM received this form April 18, 2003.

Golmon died on November 24, 2003. According to the complaint, counsel for Golmon's estate has not been able to obtain payment of Golmon's death benefits to the Golmon estate. The complaint is unclear on who exactly the Golmon estate has tried to contact to obtain these benefits. Attached to the complaint are a December 4, 2003 letter to OPM requesting the "necessary paperwork" to enable receipt of the benefits, and a fax to an unidentified "Jill Heller" providing various documents. The record does not show whether the Golmon estate tried to contact the insurance company directly.

On May 17, 2005, the Golmon Trust filed this lawsuit, requesting a Declaratory Judgment under Fed. R. Civ. P. 57 that Golmon's death benefits are due and payable to the Golmon estate. On September 26, 2005 the Government filed this motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). The record contains no other filings.

## II.  STANDARD OF REVIEW

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  Statutes conferring jurisdiction on federal courts are to be strictly construed and doubts are to be resolved against federal jurisdiction. *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001), *cert. denied*, 535

U.S. 905, 122 S. Ct. 1205, 152 L. Ed. 2d 143 (2002).  Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.  *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In cases against the federal government, the plaintiff bears the further burden to show that the federal government has waived its sovereign immunity to subject itself to the lawsuit at issue. *U.S. v. Mitchell,* 445 U.S. 535, 538 (1980).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir. 1971).  Where a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.  *See Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995).

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied.  *See id*.  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III.  DISCUSSION

The Government asserts that the Golmon Trust has failed to state a claim because the Government is not the insurer in this case and so does not determine who is the proper beneficiary

3

under the policy. However, the Government seems to underplay its own role in this process. The Government established and administers the FEGLI program. Golmon send his FEGLI form to a Government office, which is responsible for sending it on to the insurer. Government regulations govern the process for changing and designating beneficiaries. 5 C.F.R. § 870.802. It is not clear from the complaint whether the Government failed to provide the appropriate information to the insurer, whether the Government believes that Golmon did not fill out the form according to Government regulations, or whether the insurer has for some reason independent of the Government denied the benefit. At this stage of the proceeding it is unknown whether the Government, the insurer or both are responsible for the failure to pay Golmon's benefits. Construing the complaint in the light most favorable to the plaintiff, as I must, I find and conclude that the facts of this case are insufficiently developed for me to determine that there is no claim against the Government.

The Government also contends that this court lacks subject matter jurisdiction over this claim because its waiver of sovereign immunity does not extent to suits of this kind.  The Government's waiver of sovereign immunity in FEGLI actions is governed by 5 U.S.C. § 8715, which states "The district courts of the United States have original jurisdiction concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." This statement is further elaborated in the Code of Federal Regulations, which states "Any court action to obtain money due from this insurance policy (FEGLI)  must be taken against the company that issues the policy." 5 C.F.R. § 870.102.

The Golmon Trust here seeks a declaration that all "death benefits of Golmon are immediately due and payable to plaintiff."  This kind of action to obtain money from an insurer

4

under FEGLI, by the terms of federal law waiving sovereign immunity, cannot be brought against the Government, and may only be brought against the insurance company. This Court therefore lacks subject matter jurisdiction to consider this kind of claim.

I dismiss this action for another reason as well. The Government filed this motion September 6, 2005. According to D.C.Colo.L.Civ.R. 7.1(c), a party shall have twenty days to respond to a motion involving a contested issue of law. More than seven months have elapsed since the Government filed this motion, and the Golmon Trust has neither filed a response nor filed a request for additional time. I therefore conclude the Golmon Trust has failed to comply with local court rules governing timely response to motions.

It is therefore ORDERED that:

The Government's motion to dismiss (Docket # 2) is GRANTED.

DONE and ORDERED, this   7th   day of April, 2006 at Denver, Colorado.

                                                            s/Lewis T. Babcock
                                                          United States District Chief Judge